UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| RUBEN J. SIGALA,<br><br>              Plaintiff,<br><br>    v.<br><br>TREASURE ISLAND JOB CORPS CENTER,<br><br>              Defendant.<br>_____/ | No. C 12-03699 LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Re: ECF No. 9] |

**INTRODUCTION**

Plaintiff Ruben Sigala sued defendant Treasure Island Job Corps Center (the "Job Corps") for negligence under the Federal Tort Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Complaint, ECF No. 1, ¶¶ 1, 23-29.[1]  Now, the United States, on behalf of the Job Corps, moves to dismiss Mr. Sigala's complaint for lack of subject-matter jurisdiction and for failure to state a claim. Motion, ECF No. 9 at 6.  Upon consideration of the moving papers and applicable authority, the court **GRANTS** the United States's motion and **DISMISSES** Mr. Sigala's complaint **WITH PREJUDICE**.[2]

---

[1] Citations are to the Electronic Case File ("ECF"), with pin-cites to the electronically-generated page numbers at the top of the document.

[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination without oral argument and **VACATES** the February 7, 2013 hearing.

C 12-03699 LB
ORDER

*(left margin)* **UNITED STATES DISTRICT COURT** / **For the Northern District of California**

**STATEMENT**

On March 28, 2009, Mr. Sigala was admitted as a participant in the Job Corps. Complaint, ECF No. 1, ¶ 5. On April 4, 2009, Mr. Sigala was attacked by another Job Corps participant, Michael Jones, while both of them were riding in a Job Corps shuttle bus that took participants to and from their homes. *Id.*, ¶¶ 6, 9, 24. Mr. Sigala alleges that Mr. Jones had previously been convicted of juvenile battery and that the Job Corps knew this. *Id.*, ¶ 7. The attack left Mr. Sigala unconscious, and he suffered a broken jaw and severe head trauma. *Id.*, ¶ 9. Mr. Sigala continues to suffer physical, mental, and emotional harm from the attack. *Id.*, ¶¶ 15-21.

On July 16, 2012, Mr. Sigala filed the instant FTCA action against the Job Corps for negligence. *Id.*, ¶¶ 1, 23-29. He claims that the Job Corps was negligent by not placing an adult supervisor on the shuttle bus on which Mr. Jones attacked him and by not exercising proper supervision of Ms. Jones. *Id.*, ¶¶ 26-27.

On August 13, 2012, after filing an administrative claim under the FTCA with the United States Department of Labor, Mr. Sigala filed a Form CA-1 (Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation) with the Office of Workers Compensation Program ("OWCP"), thereby instituting an administrative claim under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101-8152.[3] *See* Valdivieso Declaration, ECF No. 10, Exh. 1.[4] On August 27, 2012, the OWCP wrote to Mr. Sigala asking for specific information regarding where the assault

---

[3] Central to FECA's statutory scheme is the role of the Secretary of Labor, who has the authority to administer and decide all questions arising under FECA. 5 U.S.C. § 8145. FECA further authorizes the Secretary to prescribe rules and regulations necessary for the administration and enforcement of the Act. 5 U.S.C. § 8149. The Secretary has delegated the authority provided by §§ 8145 and 8149 to the Director of the OWCP, who is responsible for the administration and implementation of FECA. 20 C.F.R. § 10.2.

[4] As explained in further detail below, "when considering a motion to dismiss pursuant to Rule 12(b)(1) [(as the court is here)] the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Thus, rather than simply relying upon the allegations in Mr. Sigala's complaint, the court may also rely upon facts set forth in the declarations submitted by the United States in support of its motion to dismiss.

had taken place. *Id*., Exh. 2. Mr. Sigala was given 30 days to submit the required information. *Id*., Exh. 2. On September 27, 2012, after receiving no response from him, the OWCP denied Mr. Sigala's claim under FECA, finding that he had not met his burden of proof to establish that he was in the performance of duty at the time of the assault. *Id*., Exh. 3. Following that decision, on October 4, 2012, the OWCP received a statement from Mr. Sigala dated September 6, 2012, indicating that the assault had begun while he and his assailant were being transported from the Job Corps on their way home. *Id*., Exh. 4. Accordingly, on December 7, 2012, the OWCP reconsidered Ms. Sigala's FECA claim on its own motion and found that he was in the performance of duty at the time of the assault and accepted his claim. *Id*., Ex. 5. Mr. Sigala was provided with information on how to submit his medical bills to OWCP for payment and/or appeal the acceptance if he disagreed. *Id*.

On December 28, 2012, the United States filed a motion to dismiss Mr. Sigala's complaint. Motion, ECF No. 9. Mr. Sigala has not filed an opposition or a statement of non-opposition. *See* N.D. Cal. Civ. L.R. 7-3(a), (b).

**ANALYSIS**

**I. LEGAL STANDARD**

**A. Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction; thus, the court presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. Pro. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen*, 511 U.S. at 377 (1994) (citation omitted).

A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Pub'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed

in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). But in deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) ("It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction."). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

**B. Rule 12(b)(6)**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

1    In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true
2 and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551
3 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

4    If the court dismisses the complaint, it should grant leave to amend even if no request to amend
5 is made "unless it determines that the pleading could not possibly be cured by the allegation of other
6 facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc.
7 v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party
8 repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See
9 Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where
10 district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim
11 with leave to amend).

## II. DISCUSSION

### A. The Court Substitutes the United States as the Proper Defendant to this Action

In his complaint, Mr. Sigala alleges that his action arises under the FTCA, and he named the Job Corps as Defendant. Complaint, ECF No. 1, ¶¶ 1, 4. He also alleges that the Job Corps is "a public entity, organized and administered by the United States Department of Labor that offers free-of-charge education and vocational training to youth ages 16 to 24." *Id*., ¶ 4. Mr. Sigala seeks damages. *Id*. at 5.

The FTCA provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679. A federal agency cannot be sued under the FTCA. *See Duncan v. Department of Labor*, 313 F.3d 445, 447 (8th Cir. 2002). As Mr. Sigala has brought an action against an entity organized and administered by the United States Department of Labor for damages under the FTCA, the United States is hereby **SUBSTITUTED** as the proper defendant to this action.

### B. The Court Lacks Subject-Matter Jurisdiction Because FECA Is Mr. Sigala's Exclusive Remedy

The United States argues that Mr. Sigala's claim fails as a matter of law because the statutory

and regulatory workers' compensation scheme established by the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101-8152, is his exclusive remedy, and therefore the court lacks subject-matter jurisdiction over his claim. Motion, ECF No. 9 at 13-15.

"FECA requires the Government to 'pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty.'" *Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) (quoting 5 U.S.C. § 8102(a)). "To qualify, the employee must apply to the Secretary of Labor." *Id*. (citing 5 U.S.C. § 8145). "FECA's exclusivity provision bars recovery under the FTCA, providing that '[t]he liability of the United States . . . under this subchapter . . . is exclusive and instead of all other liability of the United States . . . to the employee . . . and any other person otherwise entitled to recover damages from the United States . . . under a Federal tort liability statute.'" *Id*. (quoting 5 U.S.C. § 8116(c)). "In other words, if compensation is available under FECA, all other statutory remedies for claims arising under the same facts are preempted." *Id*.

"FECA claims raise two questions: (1) is the injury within the scope of FECA, and (2) is the plaintiff entitled to compensation under the facts of her case." *Id*. (citing *Figueroa v. United States*, 7 F.3d 1405, 1407-08 (9th Cir. 1993)). "The latter question, if raised, must be deferred to, and answered by, the Secretary of Labor." *Id*. (citing *Figueroa*, 7 F.3d at 1408). "Scope, on the other hand, is a question that must be answered by the federal courts, because it is one of jurisdiction." *Id*. (citing *Sheehan v. United States*, 896 F.2d 1168, 1174 (9th Cir. 1990)). "If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction." *Id*.; *see Figueroa*, 7 F.3d at 1408 (a plaintiff need only allege a colorable claim under FECA for our courts to lose jurisdiction over an FTCA action).

For the purposes of FECA, Job Corps enrollees, like Mr. Sigala, are federal employees. 5 U.S.C. § 8143; 20 C.F.R. § 670.910(a); *see Redner v. United States*, No. 1:08-CV-1047 (LEK/RFT), 2009 WL 701116, at *2 (N.D.N.Y. Mar. 13, 2009). Mr. Sigala's alleges that his injuries occurred while he was riding in a Job Corps shuttle bus that took participants to and from their homes. Complaint, ECF No. 1, ¶¶ 6, 9, 24. Job Corps enrollees are in the performance of their duty as federal employees "during travel to or from the post for duty[.]" 5 U.S.C. § 8143(a)(3) ("performance of

1 duty" does not include an act of an enrollee while absent from his assigned post of duty, except
2 while participating in an activity (including an activity while on pass or during travel to or from the
3 post of duty) authorized by or under the direction and supervision of the Job Corps").

For this reason, the OWCP found that Mr. Sigala was in the performance of duty at the time of the assault and accepted his claim under FECA. Valdivieso Declaration, ECF No. 10, Ex. 5. As with other federal employees who are injured in the performance of duty, FECA is Mr. Sigala's exclusive remedy. 5 U.S.C. § 8116(c). His FTCA claim, then, must be **DISMISSED WITH PREJUDICE**. *Moe*, 326 F.3d at 1068 ("If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction."); *Petersen v. U.S. Dep't of Labor*, No. 03-0918 SI, 2003 WL 21982812, at *3 (N.D. Cal. Aug. 11, 2003) (dismissing with prejudice plaintiff's negligence claim for his on-the-job injuries because FECA is the exclusive remedy for federal employees who suffer injuries covered by FECA).[5]

**CONCLUSION**

For the foregoing reasons, the court **GRANTS** the United States's motion to dismiss. Mr. Sigala's complaint is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: January 28, 2013

_____
LAUREL BEELER
United States Magistrate Judge

---

[5] Because the court finds that Mr. Sigala's FTCA claim must be dismissed with prejudice because FECA is the exclusive remedy for his injuries, the court need not reach the United States's argument that his claim also fails because the FTCA's waiver of the United States's sovereign immunity does not include claims based on the negligence of independent contractors. *See* Motion, ECF No. 9 at 15-17.

C 12-03699 LB
ORDER                              7